IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 04-CR-161-TCK |
| ) | (07-CV-138-TCK) |
| ROY DALE SEWELL, ) | |
| ) | |
| Defendant. ) | |

OPINION AND ORDER

Before the Court is a pro se petition filed by defendant Roy Dale Sewell seeking relief under 28 U.S.C. § 2255 to vacate, set aside or correct sentence filed on March 5, 2007 (Dkt. # 45).

On February 10, 2005, Sewell was charged in a five count superseding indictment (Dkt. # 12). Sewell was charged in count one with possession of a firearm after former conviction of a felony, (18 U.S.C. §§ 922(g)(1) and 924(e)); in count two with possession of a firearm by a fugitive from justice, (18 U.S.C. §§ 922(g)(2) and 924(a)(2)); in count three with possession of a firearm by an unlawful user of a controlled substance, (18 U.S.C. §§ 922(g)(3) and 924(a)(2)); in count four with possession of a firearm with an obliterated serial number, (18 U.S.C. §§ 922(k) and 924(a)(1)(B)); and in count five with possession of a firearm not registered under the National Firearms Registration and Transfer Record, (26 U.S.C. §§ 5861(d) and 5871).

On March 16, 2005, Sewell executed a waiver of trial by jury and entered a plea of guilty as to count one of the superseding indictment (Dkt. # 19). Counts two through five were dismissed upon motion of the government (Dkt. # 40). On December 5, 2005, Sewell was sentenced to 215 months imprisonment, a $5,000 fine, and five years of supervised release (Dkt. # 40). The judgment and commitment was filed of record on January 3, 2006 (Dkt. # 41). Sewell did not file a direct appeal from his conviction.

The government filed a response pleading, requesting that Sewell's petition be dismissed as being filed outside the statute of limitations. (Dkt. # 52, amended Dkt # 53). Sewell replied asserting that his conviction did not become final until the time to file for a writ of certiorari had expired (Dkt. # 56, supplemented Dkt. # 57).

The Court finds that Sewell's petition is time barred. The Anti-Terrorism and Effective Death Penalty Act, as amended in April of 1996, provides for a one-year limitations period in which to file a § 2255 motion after the date on which the judgment of conviction becomes final. Sewell was sentenced on December 5, 2005, and his judgment and commitment was filed on January 3, 2006. Petitioner did not file a direct appeal. Therefore Sewell's argument that his conviction did not become final until expiration of the time to file for certiorari has no merit because he did not file a direct appeal. Rather, in his case the judgment became final ten days after it was entered. See United States v. Nevarez-Rodriquez, 161 F.3d 19 (10th Cir 1998)(petitioner did not file a notice of appeal, therefore his case became final ten days after the judgment was entered and the one-year limitation period for filing a § 2255 motion began running on that date). Because Sewell's conviction became final ten days after judgment was entered on January 3, 2006, and because the present motion was not submitted until March 5, 2007, more than one year after judgment became final, Sewell's motion is time-barred.[1] Thus, the Court finds that Sewell's petition is untimely and subject to dismissal.

---

[1] Sewell states that he placed his § 2255 petition into the prison mailing system on March 1, 2007. Under the prisoner mail box rule, Houston v. Lack, 487 U.S. 266, 275-76 (1988), the earliest date of filing for this § 2255 motion was March 1, 2007.

**ACCORDINGLY, IT IS THE ORDER OF THE COURT** that Sewell's petition (Dkt. # 45) is hereby **DISMISSED** with prejudice as untimely.

IT IS SO ORDERED this 30th day of December, 2008.

*[signature]*

TERENCE KERN
United States District Judge