# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 04-CR-0161-001-TCK |
| v. ) | |
| ) | USM Number: 15831-064 |
| ROY DALE SEWELL, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is defendant's motion to defer payment of fine (Doc. 60), and the government's response thereto, urging the Court to deny defendant's motion (Doc. 61). Claiming a financial hardship, defendant requests that the Court order suspension of fine payments until his release from imprisonment.

In December 2005 defendant was sentenced to a term of 215 months in the custody of the Bureau of Prisons following his guilty plea to the crime of possession of a firearm, armed career criminal, in violation of 18 U.S.C. §§ 922(g)(1), and 924(e). The Court ordered defendant to pay a fine in the amount of $5,000. The judgement further set out in part that " . . . [t]he defendant shall pay the greater of $25 or 50% of income pursuant to the Federal Bureau of Prisons' Inmate Financial Responsibility Program. . . ." See Doc. 41, at 4.

Defendant, apparently a participant in the Inmate Financial Responsibility Program (IFRP), claims that insufficient income and need for basic necessities impede his ability to make the $25 monthly payment authorized by the Court and dictated by the Bureau of Prisons. Defendant argues, without specifying any material change in his economic circumstances, that this payment presents a financial hardship, prompting his request that the Court suspend any payments until his release from imprisonment in or about October 2020.

The Court has the authority to adjust a fine payment under the limited circumstances set forth in 18 U.S.C. § 3573(2), which provides:

> Upon petition of the Government showing that reasonable efforts to collect a fine or assessment are not likely to be effective, the court may, in the interest of justice – (2) defer payment of the fine or special assessment to a date certain or pursuant to an installment schedule . . .

It is clear that § 3573, amended pursuant to the Criminal Fine Improvements Act of 1987, effective December 11, 1987, provides that only the government may file a petition seeking to defer a defendant's fine. See United States v. Linker, 920 F.2d 1, 2 (7th Cir.1990); United States v. Gonzalez, 248 F.3d 1128 (1st Cir. 2000) (district court lacked jurisdiction to act on defendant's post-conviction request to remit fine). Even though defendant moves for deferment of fine payment due to inability to pay, the Court, absent a motion from the United States, does not have authority to consider such motion. As set out in the government's response (Doc. 61, at 2), defendant has not met his burden in showing that continued efforts to collect the fine will likely be ineffective.

Subsequent to defendant's sentencing, this district revised its fine and restitution payment schedule pursuant to United States v. Boyd, 608 F.3d 331, 335 (7th Cir. 2010), which found that the IFRP is a voluntary program and that a district court does not have the authority to order a defendant's participation. Accordingly, the judgment is modified to make clear that the payment schedule does not require participation in the IFRP.

**IT IS THEREFORE ORDERED** that defendant's motion to modify fine (Doc. 60) is **denied**. The Court will, however, modify the fine payment order to make clear that participation in the IFRP is voluntary. The judgment payment schedule is modified, to wit:

> Any monetary penalty is due in full immediately, but payable on a schedule of the greater of $25 quarterly or 50% of income pursuant to the Federal Bureau of Prisons' Inmate Financial Responsibility Program if the defendant voluntarily participates in

this program. If a monetary balance remains, payment is to commence no later than 60 days following release from imprisonment to a term of supervised release in equal monthly payments of $75 or 10% of net income (take home pay), whichever is greater, over the duration of the term of supervised release and thereafter as prescribed by law for as long as some debt remains. Notwithstanding establishment of a payment schedule, nothing shall prohibit the United States from executing or levying upon property of the defendant discovered before or after the date of this Judgment.

**IT IS SO ORDERED** this 10th day of July, 2012.

**TERENCE KERN**
**United States District Judge**